IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JORGE ALEJANDRO SAAVEDRA-DELGADO,

Petitioner,

v.

WARDEN EMMERICH,

Respondent.

AMENDED OPINION and ORDER

26-cv-695-jdp

Petitioner Jorge Alejandro Saavedra-Delgado, proceeding without counsel, brings an amended habeas petition under 28 U.S.C. § 2241. Dkt. 4. Saavedra-Delgado is currently serving a 33-month sentence following his conviction for illegal reentry of a previously deported alien into the United States, in violation of 8 U.S.C. § 1326(a) and (b)(1). *See United States v. Saavedra-Delgado*, 25-cv-106 (D. Wyo.), Dkt. 39. Saavedra-Delgado contends that Bureau of Prison officials have unlawfully denied him time credits under the First Step Act that, if applied to his sentence, would expedite his projected release date, which is November 1, 2027.

I must preliminarily review the amended petition under Rule 4 of the Rules Governing Section 2254 Cases, which applies to § 2241 cases. *Keller v. Watson*, 740 F. App'x 97, 97 (7th Cir. 2018). Rule 4 authorizes me to dismiss a habeas petition summarily if "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." I will dismiss the amended petition because the court lacks jurisdiction to hear most of Saavedra-Delgado's claims, and because the claims over which the court potentially has jurisdiction are unexhausted and plainly meritless.

ANALYSIS

The amended petition is not clearly articulated, and it contains inconsistent contentions. I take Saavedra-Delgado to contend in general that the refusal of BOP officials to apply his FSA time credit to his sentence is unlawful because they are basing the refusal on an invalid final order of removal. Saavedra-Delgado raises four specific claims in the amended petition itself. First, he contends that the order of removal is invalid because he did not receive a hearing to contest it. *See* Dkt. 4 at 3–4. Second, he contends that the order is invalid because it was recently served on him. *See id.* at 4. Third, he contends that a detainer action letter, which apparently referred to the order or removal, was fabricated by immigration officials. *See id.*

Saavedra-Delgado's fourth claim has two parts. *See id.* The first part, which is inconsistent with claim three, is that BOP officials themselves fabricated the detainer action letter. *See id.* The second part, which mostly duplicates claims one and two, is that the order of removal and detainer action letter are invalid because Saavedra-Delgado's due process rights were violated in immigration court. *Id.*

Saavedra-Delgado has also filed a motion to claim his earned-time credit. Dkt. 2. I'll treat the motion as a brief in support raising a separate claim, which I'll refer to as claim five. In claim five, Saavedra-Delgado contends that BOP officials have refused to apply his FSA time credit toward his projected release date based on an immigration detainer only. *See id.*

I begin with claims one through four, raised in the amended petition itself. These claims have three primary problems, the first of which is jurisdictional. Generally, only the court of appeals has jurisdiction to review final orders of removal. 8 U.S.C. § 1252(a)(5). In claims one through three and the second part of claim four, Saavedra-Delgado seeks a court order ruling

that his order of removal is invalid. But under § 1252(a)(5), the court lacks jurisdiction to grant this relief. Saavedra-Delgado hasn't suggested that any potential exception to § 1252(a)(5) would apply.

The second and third problems relate to the first part of claim four. I begin with the second problem, lack of exhaustion. Courts generally require a prisoner to exhaust the BOP's administrative remedy program before bringing a § 2241 action. *See Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004); 28 C.F.R. §§ 542.14(a), 542.15(a). The first part of claim four raises a fact-intensive issue (whether BOP officials themselves fabricated the detainer action letter) that is capable of administrative resolution.

Saavedra-Delgado suggests that he doesn't have enough time to pursue his administrative remedies because BOP officials recently served the detainer action letter on him. I may excuse a failure to exhaust where requiring exhaustion would cause prejudice because of the time required. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004). But Saavedra-Delgado's release date is 15 months from now, so he has ample time to complete the administrative remedy process. *See* 28 C.F.R. § 542.18 ("Once filed, response shall be made by the Warden . . . within 20 calendar days; by the Regional Director within 30 calendar days; and by the General Counsel within 40 calendar days."); *cf. Teferi v. Keyes*, No. 23-cv-159-jdp, 2023 WL 4930108, at *2 (W.D. Wis. Aug. 2, 2023) (no prejudice where petitioner could complete final two steps of BOP's administrative remedy process three months before projected release date).

But even if I could excuse the failure to exhaust the first part of claim four, there is a third problem. Section 2241 petitions have heightened pleading standards. *Compare McFarland v. Scott*, 512 U.S. 849, 856 (1994), *with* Rule 4, Section 2254 Rules. The § 2254 Rules

"mandate 'fact pleading' as opposed to 'notice pleading,' as authorized under Federal Rule of Civil Procedure 8(a)." *Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011). Saavedra-Delgado contends that BOP officials fabricated his detainer action letter, but he hasn't alleged any facts even suggesting that to be the case. His bare assertion of fabrication doesn't meet § 2241's heightened pleading standards.

That leaves claim five, raised in the brief in support. Saavedra-Delgado says that BOP officials have refused to apply his FSA time credit toward his projected release date based on an immigration detainer. Claim five has two problems. First, it is inconsistent with the amended petition, in which Saavedra-Delgado acknowledges that he's subject to a final order of removal. In the court's experience, detainer action letters are typically based on final orders of removal.

Second, even if Saavedra-Delgado were subject to only an immigration detainer, claim five would be unexhausted. Saavedra-Delgado is correct that a detainer itself would not preclude the application of a maximum of 365 FSA time credits toward early release. *See Alqsous v. Emmerich*, No. 25-cv-722-jdp, 2026 WL 125691, at *2 (W.D. Wis. Jan. 16, 2026). But if BOP officials are misapplying their own policies, as Saavedra-Delgado says, they can correct that error in the administrative process. Also, claim five requires detailed factual determinations about Saavedra-Delgado's custodial history and eligibility for time credits, which the BOP is charged with calculating. *See Casseus v. Emmerich*, No. 24-cv-776-jdp, 2024 WL 4987278, at *1 (W.D. Wis. Nov. 15, 2024). Saavedra-Delgado must exhaust the remedies available to him within the BOP before turning to the court for relief, and he has plenty of time to do so.

To recap, the court lacks jurisdiction to hear most of the claims raised in the amended petition because Saavedra-Delgado seeks a ruling invalidating his order of removal. The sole

claim in that pleading over which the court potentially has jurisdiction—concerning the allegation that the BOP forged the detainer action letter—is unexhausted and, as articulated, doesn't meet § 2241's heightened pleading standards. Saavedra-Delgado's last claim—concerning his FSA time credits—is inconsistent with his claims in the amended petition and, in any case, unexhausted. I will dismiss the amended petition and close the case.

ORDER

IT IS ORDERED that:

1. Petitioner Jorge Alejandro Saavedra-Delgado's amended petition, Dkt. 4, is DISMISSED. As a result, claims one through three, raised in the amended petition, are dismissed for lack of jurisdiction. Claim four, raised in the amended petition, is dismissed as plainly meritless and unexhausted. Claim five, raised in his brief in support, is dismissed without prejudice but without leave to amend.

2. The clerk of court is directed to enter judgment and close the case.

Entered August 25, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge